# EXHIBIT A

Case 1:17-cv-00502-JD    Document 1-1    Filed 10/19/17    Page 1 of 13

# Patrick J. Queenan

**From:** Jake Strahan <maxxstrahan@gmail.com>
**Sent:** Wednesday, October 4, 2017 12:14 PM
**To:** Patrick J. Queenan
**Subject:** Re: Judith Mann -
**Attachments:** Rats_summons_Oct17.pdf

FYI:

Its FREE Deposition time tomorrow!

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

*your copy*

Strafford Superior Court
259 County Farm Road, Suite 301
Dover NH 03820

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION
## TEMPORARY HEARING SCHEDULED

Case Name:      Richard Maximus Strahan v Judith Mann, et al
Case Numbers:   219-2017-CV-00326

Date Complaint Filed: September 25, 2017

A Complaint has been filed against Judith Mann; Frederick Slama; Kelsey Smith in this Court. A Copy of the Complaint is attached.

This Court has scheduled the following: **Temporary Hearing**
**Date: December 04, 2017**      259 County Farm Road, Suite 301
**Time: 10:30 AM**               Dover NH 03820
**Time Allotted: 1 Hour**        Location:

If more time is needed for this hearing, contact the Court immediately.

### The Court ORDERS that ON OR BEFORE:

| | |
|---|---|
| November 24, 2017 | Richard Maximus Strahan shall have this Summons and the attached Complaint served upon Judith Mann; Frederick Slama; Kelsey Smith in hand. |
| December 04, 2017 | Richard Maximus Strahan shall file the return of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| December 04, 2017 | Judith Mann; Frederick Slama; Kelsey Smith shall file an Appearance with this Court. A copy of the Appearance must be sent to the party listed below and any other party who has filed an Appearance in this matter. |
| 30 days after service | Judith Mann; Frederick Slama; Kelsey Smith must file an Answer or other responsive pleading with this Court. A copy of the Answer or other responsive pleading must be sent to the party listed below and any other party who has filed an Appearance in this matter. |

**Notice to Judith Mann; Frederick Slama; Kelsey Smith:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625.11, V in a courtroom or area used by a court.

Send copies to:
  Richard Maximus Strahan

PO Box 82
Peterborough NH 03854
BY ORDER OF THE COURT
Kimberly T. Myers
Clerk of Court

October 02, 2017

(277)

STATE OF NEW HAMPHIRE

| | | |
|---|---|---|
| **Strafford SS,** | | **Superior Court** |
| RICHARD MAXIMUS STRAHAN | ) | |
| *Plaintiff* | ) ) ) | Civil Action No. |
| v. | ) ) | 00873 – 2017 - 219 |
| JUDITH MANN | ) ) | |
| FREDERICK SLAMA | ) ) | |
| KELSEY SMITH | ) ) | 25 SEPTEMBER 2017 |
| *Defendants* | ) ) | |

## VERIFIED COMPLAINT REQUESTING EMERGENCY INJUNCTIVE RELIEF, OTHER RELIEF, AND REQUEST FOR A JURY TRIAL

1. This is a Civil Rights Action by the Plaintiff to protect his rights under the Constitution and New Hampshire statute from trespass by the individually named Defendants. The Defendants stand accused of violating the Civil Rights Act and maliciously inflicting tortious injury on the Plaintiff pursuant to their enforcement of unlawful practices of the municipalities of Durham Town NH and Lee Town NH. The Defendants are knowingly acting in concert with municipal employees of said municipalities to seek revenge against the Plaintiff and other members of the Public out of the Defendants becoming very angry at them for perceived offenses after random encounters with these members of the Public.

2. As property owners of their respective municipalities, the Defendants sought revenge against the Plaintiff by maliciously making false accusations against him to the local police off his violating minor traffic violations. They did so knowing that their local respective police were under an agreement with them as property owners that they would arrest and

criminally prosecute any visiting member of the Public to the said towns at the whim of said property owners who only had to claim that they saw the visitor committing some criminal violation absent any corroborating evidence or testimony.

3. The Plaintiff is seeking a permanent injunction against the Defendants. He is also seeking a reward of compensatory and punitive damages from each of the Defendants.

4. The Plaintiff seeks a trial by jury of his claims against all of the Defendants.

### The Parties

5. Plaintiff Richard Max Strahan is a conservation scientist. He is a resident of Amherst MA. He is the Chief Science Officer of Whale Safe USA, a campaign to make the US coastline Whale Safe. He is a leading nationally recognized expert in the conservation and protection of endangered wildlife. He recently graduated *magnum cum laude* from the University of Massachusetts in Boston MA and was awarded a Bachelor of Science Degree. His business address is POB 82 Peterborough NH 03854.

6. Defendant Frederick Slama is being sued as a person and a state actor. His residential address is 367 Durham Point Road, Durham, NH 03824. (603) 868-1210.

7. Defendant Judith Mann is being sued as a person and a state actor. Her residential address is 128 Durham Point Road, Durham, NH 03824.

8. Defendant Katelyn Smith is being sued as a person and a state actor. Her residential address is 88 Blackstone Street, Woonsocket RI 02895-3026

### Jurisdiction and Standing

9. The Plaintiff has Article III standing to bring his claims against the Defendants as he has suffered by them actionable injury in the past and faces the realistic prospect of prospective irreparable injury from them also. The Court has jurisdiction to hear the Plaintiff's

25 September 2017 Complaint *Strahan v. Slama, et al.*, New Hampshire Superior Court     3

petition pursuant to the Civil Rights Act and other federal law. FN1 The Plaintiff is also entitled a request for a declaratory judgment under New Hampshire law. The Plaintiff has suffered tortious injury by the deliberate acts against him by the Defendants and is entitled to petition the Court for relief.

10. The federal Civil Rights Act gives the Court jurisdiction to hear the Plaintiff's claims that the Defendants violated the Plaintiff's 4th Amendment right to be free from unlawful seizure and guarantees his right to due process. The Defendants are all state actors who acted under color of state law with municipal police to deprive the Plaintiff of his 4th Amendment constitutional right to be protected in his property and person from seizure without a warrant.

### Strahan's Claims Against the Defendants

COUNT I: *Defendants Violation of Civil Rights Act and the Plaintiff's 4th and 14th Amendment Right of Due Process and Equal Treatment Under Law*

11. The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 17.

12. The Defendants unlawfully injured the Plaintiff by deliberately acting in concert with municipal police to have the Plaintiff falsely arrested without the requisite probable cause for violations of law that they knew he did not commit. Now they are acting in concert with municipal police to maliciously prosecute the Plaintiff on the said false criminal charges despite the fact there is no possible requisite cause to justify any conviction. The Defendants each are state actors as defined under federal law.

13. Defendant Slama acted maliciously in concert with the Durham police to have the Plaintiff falsely arrested and then maliciously prosecuted for a "marked lane" violation that he never saw the Plaintiff commit. FN2 His sole motion for his unlawful conduct was unlawful

---

[1] See 42 USC § 1983

[2] See *Durham Police v. Richard Max Strahan*, 432-16-CR-3705 (Dover District Court)

25 September 2017 Complaint *Strahan v. Slama, et al.*, New Hampshire Superior Court     4

revenge based on "road rage" in that apparently the Plaintiff offended him in some manner while lawfully driving on a public highway. It is unlawful practice of property owners in Durham NH and its police employees that the police will arrest any visitor to the area on the simple request of said property owner regardless if the visitor did not violate any law and no evidence against him except the uncorroborated false accusations of Defendant Slama and other property owners.

14. Defendant Mann acted maliciously in concert with the Durham police to have the Plaintiff falsely arrested and then maliciously prosecuted for a "marked lane" violation that he never saw the Plaintiff commit. FN3 Her sole motion for this unlawful conduct was unlawful revenge based on "road rage" in that apparently the Plaintiff offended her in some manner while lawfully driving on a public highway. It is unlawful practice of property owners in Durham NH and its police employees that the police will arrest any visitor to the area on the simple request of said property owner regardless if the visitor did not violate any law and no evidence against him except the uncorroborated false accusations of Defendant Msnn and other property owners.

15. Defendant Smith acted maliciously in concert with the Lee police to have the Plaintiff falsely arrested and then maliciously prosecuted for the violations of the Plaintiff allegedly leaving the scene of accident and also using a cell phone when operating a motor vehicle that she never saw the Plaintiff commit. FN4 Her sole motion for his unlawful conduct was unlawful revenge based on "road rage" in that apparently the Plaintiff offended her in some manner while lawfully driving on a public highway. It is unlawful practice of property owners in Lee NH and its police employees that the police will arrest any visitor to the area on the simple request of said property owner regardless if the visitor did not violate any law and no evidence

---

[3] See *Durham Police v. Richard Max Strahan*, 432-17-CR-1585 (Dover District Court)

[4] See *Lee Police v. Richard Max Strahan*, 432-17-CR-1147 (Dover District Court)

25 September 2017 Complaint *Strahan v. Slama, et al.*, New Hampshire Superior Court            5

against him except the uncorroborated false accusations of Defendant Slama and other property owners.

**COUNT II:** *Defendants Slander and Libel of the Plaintiff*

16. The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 21.

17. The Defendants maliciously made false claims of criminal conduct against the Plaintiff. The Plaintiff has suffered grievously as a result expending much time and money to insure that he will not be convicted on the Defendants knowingly false accusations against him. The Defendants maliciously made these false accusations against him to ruin his reputation and in retaliation against him motivated out of "road rage" and for other malicious reasons.

**COUNT III:** *Defendants' Intentional Infliction of Emotional Distress*

18. The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 21.

19. The Defendants individually and in concert have deliberately inflicted emotion distress on the Plaintiff as acts of unlawful retribution and retaliation against him out of "road rage" and other malicious reasons. The Plaintiff has never injured or otherwise had any personal involvement with these Defendants. He has greatly suffered from being falsely arrested by the Defendants' demands upon municipal police using malicious and false claims that they witnessed violate the law. The distress inflicted on him by the Defendants has cause the Plaintiff much economic loss and is impairing his studies at the University of New Hampshire.

25 September 2017 Complaint *Strahan v. Slama, et al.*, New Hampshire Superior Court          6

## PRAYER FOR RELIEF

I. For a Declaratory Judgment that the NH traffic statutes require that the Public must be issued civil traffic citations for minor traffic violations that are not punished by imprisonment and there is no rational basis in law for the police to instead arrest a member of the Public for a simple alleged minor traffic violation.

II. For a Declaratory Judgment that the Defendants past and future practice of arrest and criminally prosecuting the Plaintiff for an alleged minor criminal violation relying on hearsay uncorroborated testimony from a single complainant is an arrest without probable cause and violates the CRA and his rights protected by the 14th and 4th Amendments.

III. For an order, enjoining the Defendants and/or their agents from requesting that police arrest and/or prosecute the Plaintiff for minor traffic offenses without the prior permission of the Court.

IV. For an award of $100,000 in compensatory damages from each of the Defendants.

V. For an award of $1,000,000 in punitive damages from each of the Defendants.

VI. For an award of the Plaintiff's direct costs of his prosecution against the Defendants.

VIII. For any further relief that the Court deems appropriate.

BY:

/s/ Richard Maximus Strahan

Richard Maximus Strahan
esistoo@yahoo.com
617-817-4402

*Pro Se and Proud!*

## VERIFICATION OF THE COMPLAINT

I Richard Maximus Strahan verify under the pains and penalties of perjury that all the facts alleged in the above complaint are known to the best of my ability to be true. Signed under the pains and penalties of perjury this 25th Day of September in the year 2017.

/s/ Richard Maximus Strahan

STATE OF NEW HAMPHIRE

**Strafford** *SS,*                                                                 **Superior Court**

| | |
|---|---|
| RICHARD MAXIMUS STRAHAN ) | |
| ) | |
| *Plaintiff* ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 00873 – 2017 - 219 |
| JUDITH MANN ) | |
| ) | |
| FREDERICK SLAMA ) | |
| ) | |
| KELSEY SMITH ) | 25 SEPTEMBER 2017 |
| ) | |
| *Defendants* ) | |

## PLAINTIFF'S APPLICATION FOR A TRO

The Plaintiff Richard Max Strahan MOVES the Court for the following interlocutory injunctive relief against the Defendants —

1. For an ORDER, enjoining Defendants from APPROACHING with 100 feet of him.

2. For an ORDER, enjoining the Defendants pending the outcome of the instant action from making any unsolicited allegations to municipal police without the Court's permission that the Plaintiff violated some minor criminal laws of New Hampshire that are misdemeanor "A/B violations" and/or "B misdemeanors" and as such offer no imprisonment penalty under state statute.

In support of the instant motion, the Plaintiff refers the Court to his verified amended complaint, his personal declarations filed with the Court and their attachments, his memorandum of law and fact concurrently filed memorandum in support of the instant motion and its attachments, and his notices filed with the Court.

25 September 2017 Plaintiff Strahan's request for a TRO 2

For the above reasons, I ask the Court to grant me my requested relief.

BY:

/s/ Richard Maximus Strahan

Richard Maximus Strahan
POB 82
Peterborough NH 03854

*Pro Se and Proud!*

I CERTIFY that on 25 September 2017 a copy of the above document was served on the Defendants VIA USPS First Class Mail.

By:

/s/ Richard Maximus Strahan

Richard Maximus Strahan

THE STATE OF NEW HAMPSHIRE

STRAFFORD, SS                                              SUPERIOR COURT

Docket No. 219-2017-CV-00326

RICHARD MAXIMUS STRAHAN

v.

JUDITH MANN, ET AL.

**NOTICE OF FILING OF NOTICE OF REMOVAL**

PLEASE BE ADVISED that on October 18, 2017, Defendant, by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1441(a) and 1446, removed the above-captioned case to the United States District Court for the District of New Hampshire. A copy of the Notice of Removal dated October 19, 2017, is appended hereto.

WHEREFORE, Defendant respectfully gives notice that the Strafford County Superior Court is required to effect the removal of this case and shall proceed no further in this action pursuant to 28 U.S.C. § 1446(d) unless and until it is remanded.

1

Respectfully Submitted,

JUDITH MANN

By Her attorneys,

**SHEEHAN PHINNEY BASS & GREEN, PROFESSIONAL ASSOCIATION**

Dated: October 19, 2017

By: _____
Patrick J. Queenan, Esq. (Bar. No. 20127)
Sheehan Phinney Bass & Green, P.A.
P.O. Box 3701
Manchester, NH 03105
(T) 603 627 8108
pqueenan@sheehan.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of October 2017, a copy of the foregoing was sent via first class mail, postage prepaid, and electronic mail to:

Richard Maximus Strahan
P.O. Box 82
Peterborough, NH 03854

By: _____
Patrick J. Queenan