# THE STATE OF NEW HAMPSHIRE

### Office of the Clerk of Superior Court
### Strafford County

Kimberly T. Myers, Clerk
April J. Cote, Deputy Clerk

William F. Grimes Justice
and Administration Building
259 County Farm Road, Suite 301
Dover, NH 03820
1-855-212-1234

October 24, 2017

I, Kimberly T. Myers, Clerk of Superior Court, hereby certify that
the attached are true copies of the complete file and index sheet
in the case of Richard Maximus Strahan v. Judith Mann, et al
(219-2017-CV-326).

_____
Kimberly T. Myers, Clerk of Court

# CASE SUMMARY
## CASE NO. 219-2017-CV-00326

| | | | |
|---|---|---|---|
| Richard Maximus Strahan v Judith Mann, et al | § § § § | Location: Filed on: | **Strafford Superior Court** **09/25/2017** |

---

### CASE INFORMATION

Case Type: **Declaratory Judgment**

Case Status: **10/20/2017 Closed**

---

### PARTY INFORMATION

*Attorneys*

| | | |
|---|---|---|
| **Plaintiff** | **Strahan, Richard Maximus** | **Pro Se** 617-817-4402(H) |
| **Defendant** | **Mann, Judith** | **Queenan, Patrick J., ESQ** *Retained* 603-668-0300(W) |
| | **Slama, Frederick** | |
| | **Smith, Kelsey** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 09/25/2017 | Complaint for Declaratory Judgment *Verified Complaint Requesting Emergency Injunctive Relief, Other Relief, and Request for Jury Trial* | *Index #1* |
| 09/25/2017 | Motion Filed by: Plaintiff Strahan, Richard Maximus *Application for a TRO - f/b Plf* | *Index #2* |
| 09/25/2017 | Application for Waiver of Court Fees Filed by: Plaintiff Strahan, Richard Maximus *and Sheriff's Fees - f/b Plf* | *Index #3* |
| 09/27/2017 | Granted in Part (Judicial Officer: Houran, Steven M ) *re: filing fee reduced to $10, Sheriff's fees not waived.* | |
| 10/02/2017 | Summons on Complaint | *Index #4* |
| 10/02/2017 | **Service** Mann, Judith — unserved Slama, Frederick — unserved Smith, Kelsey — unserved | |
| 10/20/2017 | Notice-Removal to Federal Dist Ct Filed by: Defendant Mann, Judith *f/b Def (Judith Mann)* | *Index #5* |
| 10/20/2017 | **Removed to Federal District Court** | |
| 12/04/2017 | *CANCELED* **Temporary Hearing** | |

*Printed on 10/24/2017 at 3:46 PM*

# CASE SUMMARY
## CASE NO. 219-2017-CV-00326

TARGET DATE | TIME STANDARDS

THE STATE OF NEW HAMPSHIRE

STRAFFORD, SS                                                    SUPERIOR COURT

Docket No. 219-2017-CV-00326

RICHARD MAXIMUS STRAHAN

v.

JUDITH MANN, ET AL.

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE BE ADVISED that on October 18, 2017, Defendant, by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1441(a) and 1446, removed the above-captioned case to the United States District Court for the District of New Hampshire. A copy of the Notice of Removal dated October 19, 2017, is appended hereto.

WHEREFORE, Defendant respectfully gives notice that the Strafford County Superior Court is required to effect the removal of this case and shall proceed no further in this action pursuant to 28 U.S.C. § 1446(d) unless and until it is remanded.

True Copy Attest

_Kimberly T. Myers_
Clerk

10/24/17
Date

1

Respectfully Submitted,

JUDITH MANN

By Her attorneys,

**SHEEHAN PHINNEY BASS & GREEN,
PROFESSIONAL ASSOCIATION**

Dated:  October 19, 2017        By:    _____

Patrick J. Queenan, Esq. (Bar No. 20127)
Sheehan Phinney Bass & Green, P.A.
P.O. Box 3701
Manchester, NH 03105
(T) 603 627 8108
pqueenan@sheehan.com


## CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of October 2017, a copy of the foregoing was sent via first class mail, postage prepaid, and electronic mail to:

Richard Maximus Strahan
P.O. Box 82
Peterborough, NH 03854


By: _____
Patrick J. Queenan

Case 1:17-cv-00502   Document 1   Filed 10/19/17   Page 1 of 3

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RICHARD MAXIMUS STRAHAN, ) | Civ. No.: _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| JUDITH MANN, ET AL ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, Judith Mann, by and though her counsel, Sheehan Phinney Bass & Green,

P.A., and pursuant to 28 U.S.C. §§ 1441(a) and 1446, respectfully notices the removal of the

above-captioned case to the United States District Court for the District of New Hampshire from

the New Hampshire Superior Court, Strafford County, pursuant to 28 U.S.C. §§ 1331, 1441, and

1446. As grounds for removal of this action, the Defendant states as follows:

      1.      On or about September 25, 2017, Plaintiff filed a Complaint and an

"Application for a TRO" in the New Hampshire Superior Court for Strafford County naming

Defendant, Judith Mann, among other parties (the "State Court Action"). *See* Exhibit A.

Plaintiff's Complaint alleges violations of the Civil Rights Act, the Fourth and Fourteenth

Amendments to the Federal Constitution, and claims of libel, slander, and intentional infliction

of emotional distress. The Plaintiff does not cite any statutory provisions within the Complaint.

      2.      On October 4, 2017, Plaintiff emailed undersigned counsel a copy of the

Complaint. On October 5, 2017, Plaintiff attempted to serve the Defendant with a copy of both

the Summons and the Complaint while the Defendant was testifying in Dover District Court during a criminal proceeding. The Defendant maintains that the Plaintiff did not properly serve the Defendant pursuant to the requirements set forth in RSA ch. 510. Nonetheless, for purposes of removal, the Defendant will accept October 4, 2017, as the receipt by the defendant through service or otherwise.

       3.      Accordingly, this action is removable under 28 U.S.C. § 1441(a), and this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the Plaintiff's Complaint fairly states a federal question. A copy of the Summons, the Complaint, and the Application for a Temporary Restraining Order from the State Court Action are appended hereto as Exhibit A.

       4.      The Defendant's counsel received a copy of the Complaint on or about October 4, 2017, and accordingly, this Notice of Removal, filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b)(3), is timely.

       5.      A true and accurate copy of this Notice of Removal is being served upon Plaintiff as required under 28 U.S.C. § 1446(d) via first class mail.

       6.      A true and accurate copy of this Notice of Removal is also being filed promptly with the Clerk of the New Hampshire Superior Court for Strafford County, in accordance with 28 U.S.C. § 1446(d).

       7.      Pursuant to Local Rule 81.1(c), the Defendant will file a certified or attested copy of the state court record within fourteen (14) days of the filing of this notice of removal.

       8.      On September 25, 2017, undersigned counsel received notice from this Honorable Court that his Petition for Admission to the United States District Court for the District of New Hampshire was received. The notice required that when undersigned counsel filed his initial filing with the Court, that he advise the Court that the Petition for Admission was

pending.   As this filing constitutes the undersigned counsel's initial filing, please accept this as

advisement of the pending status of undersigned counsel's Petition for Admission.


WHEREFORE, Defendant hereby respectfully request that this matter be removed from

the Strafford County Superior Court to the United States District Court for the District of New

Hampshire.


Respectfully Submitted,

JUDITH MANN,

By Her Attorneys,

**SHEEHAN PHINNEY BASS & GREEN,
PROFESSIONAL ASSOCIATION**

Dated:  October 19, 2017          By:  /s/ Patrick J. Queenan
                                       Patrick J. Queenan (Bar. No. 20127)
                                       Sheehan Phinney Bass & Green, P.A.
                                       P.O. Box 3701
                                       Manchester, NH 03105
                                       (T) 603 627 8108
                                       pqueenan@sheehan.com


## CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of October 2017, a copy of the foregoing was sent via first
class mail, postage prepaid, to:

Richard Maximus Strahan
P.O. Box 82
Peterborough, NH 03854


By: /s/ Patrick J. Queenan
    Patrick J. Queenan

3

# EXHIBIT A

## Patrick J. Queenan

| | |
|---|---|
| **From:** | Jake Strahan <maxxstrahan@gmail.com> |
| **Sent:** | Wednesday, October 4, 2017 12:14 PM |
| **To:** | Patrick J. Queenan |
| **Subject:** | Re: Judith Mann - |
| **Attachments:** | Rats_summons_Oct17.pdf |

FYI:

Its FREE Deposition time tomorrow!

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

*your copy*

Strafford Superior Court
259 County Farm Road, Suite 301
Dover NH 03820

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION
## TEMPORARY HEARING SCHEDULED

Case Name:  **Richard Maximus Strahan v Judith Mann, et al**
Case Numbers:  **219-2017-CV-00326**

Date Complaint Filed: September 25, 2017

A Complaint has been filed against Judith Mann; Frederick Slama; Kelsey Smith in this Court. A Copy of the Complaint is attached.

This Court has scheduled the following: **Temporary Hearing**

**Date: December 04, 2017**      **259 County Farm Road, Suite 301**
**Time: 10:30 AM**               **Dover NH 03820**
**Time Allotted: 1 Hour**        **Location:**

If more time is needed for this hearing, contact the Court immediately.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| November 24, 2017 | Richard Maximus Strahan shall have this Summons and the attached Complaint served upon Judith Mann; Frederick Slama; Kelsey Smith in hand. |
| December 04, 2017 | Richard Maximus Strahan shall file the return of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| December 04, 2017 | Judith Mann; Frederick Slama; Kelsey Smith shall file an Appearance with this Court. A copy of the Appearance must be sent to the party listed below and any other party who has filed an Appearance in this matter. |
| 30 days after service | Judith Mann; Frederick Slama; Kelsey Smith must file an Answer or other responsive pleading with this Court. A copy of the Answer or other responsive pleading must be sent to the party listed below and any other party who has filed an Appearance in this matter. |

**Notice to Judith Mann; Frederick Slama; Kelsey Smith:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625.11, V in a courtroom or area used by a court.

Send copies to:
  Richard Maximus Strahan

PO Box 82
Peterborough NH 03854

BY ORDER OF THE COURT
Kimberly T. Myers
Clerk of Court

October 02, 2017

(277)

NHJB-2711-S (10/01/2013)

STATE OF NEW HAMPHIRE

**Strafford SS,**                                                                **Superior Court**

| | |
|---|---|
| RICHARD MAXIMUS STRAHAN ) | |
| ) | |
| *Plaintiff* ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 00873 – 2017 - 219 |
| JUDITH MANN ) | |
| ) | |
| FREDERICK SLAMA ) | |
| ) | |
| KELSEY SMITH ) | 25 SEPTEMBER 2017 |
| ) | |
| *Defendants* ) | |

### VERIFIED COMPLAINT REQUESTING EMERGENCY INJUNCTIVE RELIEF, OTHER RELIEF, AND REQUEST FOR A JURY TRIAL

1.      This is a Civil Rights Action by the Plaintiff to protect his rights under the

Constitution and New Hampshire statute from trespass by the individually named Defendants.

The Defendants stand accused of violating the Civil Rights Act and maliciously inflicting

tortious injury on the Plaintiff pursuant to their enforcement of unlawful practices of the

municipalities of Durham Town NH and Lee Town NH. The Defendants are knowingly acting in

concert with municipal employees of said municipalities to seek revenge against the Plaintiff and

other members of the Public out of the Defendants becoming very angry at them for perceived

offenses after random encounters with these members of the Public.

2.      As property owners of their respective municipalities , the Defendants sought

revenge against the Plaintiff by maliciously making false accusations against him to the local

police off his violating minor traffic violations. They did so knowing that their local respective

police were under an agreement with them as property owners that they would arrest and

25 September 2017 Complaint *Strahan v. Slama, et al.*, New Hampshire Superior Court          2

criminally prosecute any visiting member of the Public to the said towns at the whim of said property owners who only had to claim that they saw the visitor committing some criminal violation absent any corroborating evidence or testimony.

3.      The Plaintiff is seeking a permanent injunction against the Defendants. He is also seeking a reward of compensatory and punitive damages from each of the Defendants.

4.      The Plaintiff seeks a trial by jury of his claims against all of the Defendants.

**The Parties**

5.      Plaintiff Richard Max Strahan is a conservation scientist. He is a resident of Amherst MA. He is the Chief Science Officer of Whale Safe USA, a campaign to make the US coastline Whale Safe. He is a leading nationally recognized expert in the conservation and protection of endangered wildlife. He recently graduated *magnum cum laude* from the University of Massachusetts in Boston MA and was awarded a Bachelor of Science Degree. His business address is POB 82 Peterborough NH 03854.

6.      Defendant Frederick Slama is being sued as a person and a state actor. His residential address is 367 Durham Point Road, Durham, NH 03824. (603) 868-1210.

7.      Defendant Judith Mann is being sued as a person and a state actor. Her residential address is 128 Durham Point Road, Durham, NH 03824.

8       Defendant Katelyn Smith is being sued as a person and a state actor. Her residential address is 88 Blackstone Street, Woonsocket RI 02895-3026

**Jurisdiction and Standing**

9.      The Plaintiff has Article III standing to bring his claims against the Defendants as he has suffered by them actionable injury in the past and faces the realistic prospect of prospective irreparable injury from them also. The Court has jurisdiction to hear the Plaintiff's

25 September 2017 Complaint *Strahan v. Slama, et al.*, New Hampshire Superior Court          3

petition pursuant to the Civil Rights Act and other federal law. FN1 The Plaintiff is also entitled

a request for a declaratory judgment under New Hampshire law. The Plaintiff has suffered

tortious injury by the deliberate acts against him by the Defendants and is entitled to petition the

Court for relief.

    10.    The federal Civil Rights Act gives the Court jurisdiction to hear the Plaintiff's

claims that the Defendants violated the Plaintiff's 4th Amendment right to be free from unlawful

seizure and guarantees his right to due process. The Defendants are all state actors who acted

under color of state law with municipal police to deprive the Plaintiff of his 4th Amendment

constitutional right to be protected in his property and person from seizure without a warrant.

### Strahan's Claims Against the Defendants

COUNT 1:    *Defendants Violation of Civil Rights Act and the Plaintiff's 4th and 14th Amendment Right of Due Process and Equal Treatment Under Law*

    11.    The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 17.

    12.    The Defendants unlawfully injured the Plaintiff by deliberately acting in concert

with municipal police to have the Plaintiff falsely arrested without the requisite probable cause

for violations of law that they knew he did not commit. Now they are acting in concert with

municipal police to maliciously prosecute the Plaintiff on the said false criminal charges despite

the fact there is no possible requisite cause to justify any conviction. The Defendants each are

state actors as defined under federal law.

    13.    Defendant Slama acted maliciously in concert with the Durham police to have the

Plaintiff falsely arrested and then maliciously prosecuted for a "marked lane" violation that he

never saw the Plaintiff commit. FN2 His sole motion for his unlawful conduct was unlawful

---

[1] See 42 USC § 1983

[2] See *Durham Police v. Richard Max Strahan*, 432-16-CR-3705 (Dover District Court)

25 September 2017 Complaint *Strahan v. Slama, et al.*, New Hampshire Superior Court          4

revenge based on "road rage" in that apparently the Plaintiff offended him in some manner while

lawfully driving on a public highway. It is unlawful practice of property owners in Durham NH

and its police employees that the police will arrest any visitor to the area on the simple request of

said property owner regardless if the visitor did not violate any law and no evidence against him

except the uncorroborated false accusations of Defendant Slama and other property owners.

14.     Defendant Mann acted maliciously in concert with the Durham police to have the

Plaintiff falsely arrested and then maliciously prosecuted for a "marked lane" violation that he

never saw the Plaintiff commit. FN3 Her sole motion for this unlawful conduct was unlawful

revenge based on "road rage" in that apparently the Plaintiff offended her in some manner while

lawfully driving on a public highway. It is unlawful practice of property owners in Durham NH

and its police employees that the police will arrest any visitor to the area on the simple request of

said property owner regardless if the visitor did not violate any law and no evidence against him

except the uncorroborated false accusations of Defendant Msnn and other property owners.

15.     Defendant Smith acted maliciously in concert with the Lee police to have the

Plaintiff falsely arrested and then maliciously prosecuted for the violations of the Plaintiff

allegedly leaving the scene of accident and also using a cell phone when operating a motor

vehicle that she never saw the Plaintiff commit. FN4 Her sole motion for his unlawful conduct

was unlawful revenge based on "road rage" in that apparently the Plaintiff offended her in some

manner while lawfully driving on a public highway. It is unlawful practice of property owners in

Lee NH and its police employees that the police will arrest any visitor to the area on the simple

request of said property owner regardless if the visitor did not violate any law and no evidence

---

[3] See *Durham Police v. Richard Max Strahan*, 432-17-CR-1585  (Dover District Court)

[4] See *Lee Police v. Richard Max Strahan*, 432-17-CR-1147  (Dover District Court)

25 September 2017 Complaint *Strahan v. Slama, et al.*, New Hampshire Superior Court         5

against him except the uncorroborated false accusations of Defendant Slama and other property owners.

COUNT II:     *Defendants Slander and Libel of the Plaintiff*

16.     The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 21.

17.     The Defendants maliciously made false claims of criminal conduct against the Plaintiff. The Plaintiff has suffered grievously as a result expending much time and money to insure that he will not be convicted on the Defendants knowingly false accusations against him. The Defendants maliciously made these false accusations against him to ruin his reputation and in retaliation against him motivated out of "road rage" and for other malicious reasons.

COUNT III:     *Defendants' Intentional Infliction of Emotional Distress*

18.     The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 21.

19.     The Defendants individually and in concert have deliberately inflicted emotion distress on the Plaintiff as acts of unlawful retribution and retaliation against him out of "road rage" and other malicious reasons. The Plaintiff has never injured or otherwise had any personal involvement with these Defendants. He has greatly suffered from being falsely arrested by the Defendants' demands upon municipal police using malicious and false claims that they witnessed violate the law. The distress inflicted on him by the Defendants has cause the Plaintiff much economic loss and is impairing his studies at the University of New Hampshire.

25 September 2017 Complaint *Strahan v. Slama, et al.*, New Hampshire Superior Court     6

## PRAYER FOR RELIEF

I.     For a Declaratory Judgment that the NH traffic statutes require that the Public must be
       issued civil traffic citations for minor traffic violations that are not punished by
       imprisonment and there is no rational basis in law for the police to instead arrest a
       member of the Public for a simple alleged minor traffic violation.

II.    For a Declaratory Judgment that the Defendants past and future practice of arrest and
       criminally prosecuting the Plaintiff for an alleged minor criminal violation relying on
       hearsay uncorroborated testimony from a single complainant is an arrest without probable
       cause and violates the CRA and his rights protected by the 14th and 4th Amendments.

III.   For an order, enjoining the Defendants and/or their agents from requesting that police
       arrest and/or prosecute the Plaintiff for minor traffic offenses without the prior
       permission of the Court.

IV.    For an award of $100,000 in compensatory damages from each of the Defendants.

V.     For an award of $1,000,000 in punitive damages from each of the Defendants.

VI.    For an award of the Plaintiff's direct costs of his prosecution against the Defendants.

VIII.  For any further relief that the Court deems appropriate.

BY:

/s/ Richard Maximus Strahan

Richard Maximus Strahan
esistoo@yahoo.com
617-817-4402

*Pro Se and Proud!*

## VERIFICATION OF THE COMPLAINT

I Richard Maximus Strahan verify under the pains and penalties of perjury that all the facts
alleged in the above complaint are known to the best of my ability to be true. Signed under the
pains and penalties of perjury this 25th Day of September in the year 2017.

/s/ Richard Maximus Strahan

STATE OF NEW HAMPHIRE

**Strafford SS,**                                             **Superlor Court**

RICHARD MAXIMUS STRAHAN          )
                                )
                    *Plaintiff*  )
                                )    Civil Action No.
v.                              )
                                )    00873 – 2017 - 219
JUDITH MANN                      )
                                )
FREDERICK SLAMA                  )
                                )
KELSEY SMITH                     )    25 SEPTEMBER 2017
                                )
                    *Defendants* )

## PLAINTIFF'S APPLICATION FOR A TRO

The Plaintiff Richard Max Strahan MOVES the Court for the following interlocutory

injunctive relief against the Defendants —

1.    For an ORDER, enjoining Defendants from APPROACHING with 100 feet of him.

2.    For an ORDER, enjoining the Defendants pending the outcome of the instant action from

      making any unsolicited allegations to municipal police without the Court's permission

      that the Plaintiff violated some minor criminal laws of New Hampshire that are

      misdemeanor "A/B violations" and/or "B misdemeanors" and as such offer no

      imprisonment penalty under state statute.

In support of the instant motion, the Plaintiff refers the Court to his verified amended

complaint, his personal declarations filed with the Court and their attachments, his memorandum

of law and fact concurrently filed memorandum in support of the instant motion and its

attachments, and his notices filed with the Court.

25 September 2017 Plaintiff Strahan's request for a TRO                              **2**

For the above reasons, I ask the Court to grant me my requested relief.

BY:

/s/ Richard Maximus Strahan

Richard Maximus Strahan
POB 82
Peterborough NH 03854

*Pro Se and Proud!*

I CERTIFY that on 25 September 2017 a copy of the above document was served on the Defendants VIA USPS First Class Mail.

By:

/s/ Richard Maximus Strahan

Richard Maximus Strahan

THE STATE OF NEW HAMPSHIRE

STRAFFORD, SS                                                    SUPERIOR COURT

Docket No. 219-2017-CV-00326

RICHARD MAXIMUS STRAHAN

v.

JUDITH MANN, ET AL.

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE BE ADVISED that on October 18, 2017, Defendant, by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1441(a) and 1446, removed the above-captioned case to the United States District Court for the District of New Hampshire. A copy of the Notice of Removal dated October 19, 2017, is appended hereto.

WHEREFORE, Defendant respectfully gives notice that the Strafford County Superior Court is required to effect the removal of this case and shall proceed no further in this action pursuant to 28 U.S.C. § 1446(d) unless and until it is remanded.

1

Respectfully Submitted,

JUDITH MANN

By Her attorneys,

**SHEEHAN PHINNEY BASS & GREEN,
PROFESSIONAL ASSOCIATION**

Dated:  October 19, 2017           By: _____

Patrick J. Queenan, Esq. (Bar. No. 20127)
Sheehan Phinney Bass & Green, P.A.
P.O. Box 3701
Manchester, NH 03105
(T) 603 627 8108
pqueenan@sheehan.com


## CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of October 2017, a copy of the foregoing was sent via first class mail, postage prepaid, and electronic mail to:

Richard Maximus Strahan
P.O. Box 82
Peterborough, NH 03854

By: _____
Patrick J. Queenan

2

# EXHIBIT B

THE STATE OF NEW HAMPSHIRE

STRAFFORD, SS                                                    SUPERIOR COURT

Docket No. 219-2017-CV-00326

RICHARD MAXIMUS STRAHAN

v.

JUDITH MANN, ET AL.

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE BE ADVISED that on October 18, 2017, Defendant, by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1441(a) and 1446, removed the above-captioned case to the United States District Court for the District of New Hampshire. A copy of the Notice of Removal dated October 19, 2017, is appended hereto.

WHEREFORE, Defendant respectfully gives notice that the Strafford County Superior Court is required to effect the removal of this case and shall proceed no further in this action pursuant to 28 U.S.C. § 1446(d) unless and until it is remanded.

1

Respectfully Submitted,

JUDITH MANN

By Her attorneys,

**SHEEHAN PHINNEY BASS & GREEN,
PROFESSIONAL ASSOCIATION**

Dated: October 19, 2017          By: _____

Patrick J. Queenan, Esq. (Bar No. 20127)
Sheehan Phinney Bass & Green, P.A.
P.O. Box 3701
Manchester, NH 03105
(T) 603 627 8108
pqueenan@sheehan.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of October 2017, a copy of the foregoing was sent via first class mail, postage prepaid, and electronic mail to:

Richard Maximus Strahan
P.O. Box 82
Peterborough, NH 03854

By: _____

Patrick J. Queenan

2

# SHEEHAN PHINNEY

Manchester, NH | Concord, NH | Hanover, NH | Boston, MA

Patrick J. Queenan, Esq.
Direct Dial: 603-627-8108
pqueenan@sheehan.com

Reply to: Manchester Office
1000 Elm Street, 17th floor
Manchester, NH  03101

October 19, 2017

Strafford County Superior Court
William A. Grimes Justice & Administration Building
259 County Farm Road, Suite 301
Dover, NH 03820

Re:  **Richard Maximus Strahan v. Judith Mann et al, _et al.,_**
     **Civ. No. 219-2017-CV-00326**
     **Notice of Removal**

Dear Sir or Madam:

Enclosed please find the Notice of Filing of Notice of Removal for filing with the Court in the above-captioned matter.

Please send a certified or attested copy of the state court record in this matter, together with your bill for the same, at your earliest convenience.

Thank you for your assistance.

Sincerely,

Patrick J. Queenan

cc:   Richard Maximus Strahan, pro se

JS 44 (Rev. 06/17)

Case 1:17-cv-00502   Document 1-4   Filed 10/19/17   Page 1 of 2

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Richard Maximus Strahan, Pro Se | Judith Mann et al. |

**(b)** County of Residence of First Listed Plaintiff   Hampshire, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Strafford
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se
PO Box 82, Peterborough, NH  03854

Attorneys *(If Known)*
Patrick J. Queenan
Sheehan Phinney Bass & Green
1000 Elm Street, Manchester, NH  03101

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI |
| | | | | ☐ 865 RSI (405(g)) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | ☐ 896 Arbitration |
| | | ☐ 550 Civil Rights | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| | | ☐ 555 Prison Condition | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | ☐ 480 Consumer Credit |
| | | | | ☐ 490 Cable/Sat TV |
| | | | | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 890 Other Statutory Actions |
| | | | | ☐ 891 Agricultural Acts |
| | | | | ☐ 893 Environmental Matters |
| | | | | ☐ 895 Freedom of Information Act |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer     ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Pro Se statute not cited
Brief description of cause:
Unlawful arrest

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   LaPlante   DOCKET NUMBER   1:17-CV-00163

DATE   10/19/2017

SIGNATURE OF ATTORNEY OF RECORD   /s/ Patrick J. Queenan, NH Bar # 20127

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Strafford Superior Court
259 County Farm Road, Suite 301
Dover NH  03820

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION
## TEMPORARY HEARING SCHEDULED

Case Name:      **Richard Maximus Strahan v Judith Mann, et al**
Case Numbers:   **219-2017-CV-00326**

Date Complaint Filed: September 25, 2017

A Complaint has been filed against Judith Mann; Frederick Slama; Kelsey Smith in this Court.  A Copy of the Complaint is attached.

This Court has scheduled the following: **Temporary Hearing**

**Date: December 04, 2017**      **259 County Farm Road, Suite 301**
**Time: 10:30 AM**                Dover NH  03820
**Time Allotted: 1 Hour**        Location:

If more time is needed for this hearing, contact the Court immediately.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| November 24, 2017 | Richard Maximus Strahan shall have this Summons and the attached Complaint served upon Judith Mann; Frederick Slama; Kelsey Smith in hand. |
| December 04, 2017 | Richard Maximus Strahan shall file the return of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| December 04, 2017 | Judith Mann; Frederick Slama; Kelsey Smith shall file an Appearance with this Court. A copy of the Appearance must be sent to the party listed below and any other party who has filed an Appearance in this matter. |
| 30 days after service | Judith Mann; Frederick Slama; Kelsey Smith must file an Answer or other responsive pleading with this Court.  A copy of the Answer or other responsive pleading must be sent to the party listed below and any other party who has filed an Appearance in this matter. |

**Notice to Judith Mann; Frederick Slama; Kelsey Smith:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625.11, V in a courtroom or area used by a court.

Send copies to:
 Richard Maximus Strahan

PO Box 82
Peterborough NH  03854
BY ORDER OF THE COURT

Kimberly T. Myers
Clerk of Court

October 02, 2017

(277)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: Strafford Superior Court

Case Name: Richard MAX Stratham

Case Number: 219-2017-CV-3210
(if known)

## APPLICATION FOR WAIVER OF SUPERIOR COURT FEES AND COSTS

OF Filing Fee + Service/s Sheriff
(Name of Person Completing Statement)

I am unable to pay the Superior Court filing fees and Sheriff Service fees in this case, and based on my financial situation request that the Court waive these fees.

**1. Monthly take home income**

| | Yours | Spouse |
|---|---|---|
| Salary/Wages | $ 160,000 | $ |
| Pension | $ | $ |
| Unemployment Comp | $ | $ |
| Social Security | $ | $ |
| Investment Income | $ | $ |
| Child Support | $ | $ |
| Alimony | $ | $ |
| Welfare Assistance | $ | $ |
| Other _____ | $ | $ |
| Total: | $640 | $ |

math

**2. Assets:**

| | Yours | Spouse |
|---|---|---|
| Cash on hand | $ 25 | $ |
| Checking Acct | $ | $ |
| Savings Acct | $ | $ |
| Stock/Bonds/Etc. | $ | $ |
| Total: | $ 25 | $ |

**3. Credit Cards:**

| Type of Credit Card | Credit Limit | Outstanding Balance |
|---|---|---|
| None | $ | $ |
| | $ | $ |
| | $ | $ |

**4. Additional Information** (List any extraordinary expenses, debts, disability, dependents, or other factors you believe should be considered in determining your eligibility.)

$100,000 in Student Loans

I swear or affirm that the foregoing information is true and correct to the best of my knowledge under penalties of law.

25 Sept 2017 _____ Scry
Date / Signature of Filing Party

## COURT ORDER

☐ Motion Granted   ☒ Motion Granted in Part. Filing fee reduced, party to pay $ 10.00 *

☐ Motion Denied   ☐ Sheriff's Fees Waived   ☒ Sheriff's Fees Not Waived

*The Clerk's Office shall close the file if payment is not made within 15 days of this order.

9/27/17 _____ Steven M. Houran
Date / Presiding Justice   Presiding Justice

NHJB-2849-S (07/19/2013)

STATE OF NEW HAMPHIRE

**Strafford SS,**                                                        **Superior Court**

RICHARD MAXIMUS STRAHAN          )
                                )
                    *Plaintiff*  )
                                )        Civil Action No.
v.                              )
                                )        17 – CV – ___3̶2̶0̶___
JUDITH MANN                      )
                                )
FREDERICK SLAMA                  )
                                )
KELSEY SMITH                     )        25 SEPTEMBER 2017
                                )
                    *Defendants* )

---

## PLAINTIFF'S APPLICATION FOR A TRO

---

The Plaintiff Richard Max Strahan MOVES the Court for the following interlocutory injunctive relief against the Defendants —

1.  For an ORDER, enjoining Defendants from APPROACHING with 100 feet of him.

2.  For an ORDER, enjoining the Defendants pending the outcome of the instant action from making any unsolicited allegations to municipal police without the Court's permission that the Plaintiff violated some minor criminal laws of New Hampshire that are misdemeanor "A/B violations" and/or "B misdemeanors" and as such offer no imprisonment penalty under state statute.

In support of the instant motion, the Plaintiff refers the Court to his verified amended complaint, his personal declarations filed with the Court and their attachments, his memorandum of law and fact concurrently filed memorandum in support of the instant motion and its attachments, and his notices filed with the Court.

For the above reasons, I ask the Court to grant me my requested relief.

BY:

/s/ Richard Maximus Strahan

Richard Maximus Strahan
POB 82
Peterborough NH 03854

*Pro Se and Proud!*

I CERTIFY that on 25 September 2017 a copy of the above document was served on the Defendants VIA USPS First Class Mail.

By:

/s/ Richard Maximus Strahan

Richard Maximus Strahan

STATE OF NEW HAMPHIRE

**Strafford *SS*,**                                          **Superior Court**

| | | |
|---|---|---|
| RICHARD MAXIMUS STRAHAN | ) | |
| | ) | |
| *Plaintiff* | ) | Civil Action No. |
| | ) | |
| v. | ) | 17 – CV – 3̲2̲6̲ |
| | ) | |
| JUDITH MANN | ) | |
| | ) | |
| FREDERICK SLAMA | ) | |
| | ) | |
| KELSEY SMITH | ) | 25 SEPTEMBER 2017 |
| | ) | |
| *Defendants* | ) | |

### VERIFIED COMPLAINT REQUESTING EMERGENCY INJUNCTIVE RELIEF, OTHER RELIEF, AND REQUEST FOR A JURY TRIAL

1.     This is a Civil Rights Action by the Plaintiff to protect his rights under the Constitution and New Hampshire statute from trespass by the individually named Defendants. The Defendants stand accused of violating the Civil Rights Act and maliciously inflicting tortious injury on the Plaintiff pursuant to their enforcement of unlawful practices of the municipalities of Durham Town NH and Lee Town NH. The Defendants are knowingly acting in concert with municipal employees of said municipalities to seek revenge against the Plaintiff and other members of the Public out of the Defendants becoming very angry at them for perceived offenses after random encounters with these members of the Public.

2.     As property owners of their respective municipalities , the Defendants sought revenge against the Plaintiff by maliciously making false accusations against him to the local police off his violating minor traffic violations. They did so knowing that their local respective police were under an agreement with them as property owners that they would arrest and

criminally prosecute any visiting member of the Public to the said towns at the whim of said property owners who only had to claim that they saw the visitor committing some criminal violation absent any corroborating evidence or testimony.

3.    The Plaintiff is seeking a permanent injunction against the Defendants. He is also seeking a reward of compensatory and punitive damages from each of the Defendants.

4.    The Plaintiff seeks a trial by jury of his claims against all of the Defendants.

### The Parties

5.    Plaintiff Richard Max Strahan is a conservation scientist. He is a resident of Amherst MA. He is the Chief Science Officer of Whale Safe USA, a campaign to make the US coastline Whale Safe. He is a leading nationally recognized expert in the conservation and protection of endangered wildlife. He recently graduated *magnum cum laude* from the University of Massachusetts in Boston MA and was awarded a Bachelor of Science Degree. His business address is POB 82 Peterborough NH 03854.

6.    Defendant Frederick Slama is being sued as a person and a state actor. His residential address is 367 Durham Point Road, Durham, NH 03824. (603) 868-1210.

7.    Defendant Judith Mann is being sued as a person and a state actor. Her residential address is 128 Durham Point Road, Durham, NH 03824.

8     Defendant Katelyn Smith is being sued as a person and a state actor. Her residential address is 88 Blackstone Street, Woonsocket RI 02895-3026

### Jurisdiction and Standing

9.    The Plaintiff has Article III standing to bring his claims against the Defendants as he has suffered by them actionable injury in the past and faces the realistic prospect of prospective irreparable injury from them also. The Court has jurisdiction to hear the Plaintiff's

petition pursuant to the Civil Rights Act and other federal law. **FN1** The Plaintiff is also entitled

a request for a declaratory judgment under New Hampshire law. The Plaintiff has suffered

tortious injury by the deliberate acts against him by the Defendants and is entitled to petition the

Court for relief.

10.     The federal Civil Rights Act gives the Court jurisdiction to hear the Plaintiff's

claims that the Defendants violated the Plaintiff's 4th Amendment right to be free from unlawful

seizure and guarantees his right to due process. The Defendants are all state actors who acted

under color of state law with municipal police to deprive the Plaintiff of his 4th Amendment

constitutional right to be protected in his property and person from seizure without a warrant.

### Strahan's Claims Against the Defendants

COUNT I:     *Defendants Violation of Civil Rights Act and the Plaintiff's 4th and 14th Amendment Right of Due Process and Equal Treatment Under Law*

11.     The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 17.

12.     The Defendants unlawfully injured the Plaintiff by deliberately acting in concert

with municipal police to have the Plaintiff falsely arrested without the requisite probable cause

for violations of law that they knew he did not commit. Now they are acting in concert with

municipal police to maliciously prosecute the Plaintiff on the said false criminal charges despite

the fact there is no possible requisite cause to justify any conviction. The Defendants each are

state actors as defined under federal law.

13.     Defendant Slama acted maliciously in concert with the Durham police to have the

Plaintiff falsely arrested and then maliciously prosecuted for a "marked lane" violation that he

never saw the Plaintiff commit. **FN2** His sole motion for his unlawful conduct was unlawful

---

[1] See 42 USC § 1983

[2] See *Durham Police v. Richard Max Strahan*, 432-16-CR-3705 (Dover District Court)

revenge based on "road rage" in that apparently the Plaintiff offended him in some manner while lawfully driving on a public highway. It is unlawful practice of property owners in Durham NH and its police employees that the police will arrest any visitor to the area on the simple request of said property owner regardless if the visitor did not violate any law and no evidence against him except the uncorroborated false accusations of Defendant Slama and other property owners.

14.    Defendant Mann acted maliciously in concert with the Durham police to have the Plaintiff falsely arrested and then maliciously prosecuted for a "marked lane" violation that he never saw the Plaintiff commit. **FN3** Her sole motion for this unlawful conduct was unlawful revenge based on "road rage" in that apparently the Plaintiff offended her in some manner while lawfully driving on a public highway. It is unlawful practice of property owners in Durham NH and its police employees that the police will arrest any visitor to the area on the simple request of said property owner regardless if the visitor did not violate any law and no evidence against him except the uncorroborated false accusations of Defendant Msnn and other property owners.

15.    Defendant Smith acted maliciously in concert with the Lee police to have the Plaintiff falsely arrested and then maliciously prosecuted for the violations of the Plaintiff allegedly leaving the scene of accident and also using a cell phone when operating a motor vehicle that she never saw the Plaintiff commit. **FN4** Her sole motion for his unlawful conduct was unlawful revenge based on "road rage" in that apparently the Plaintiff offended her in some manner while lawfully driving on a public highway. It is unlawful practice of property owners in Lee NH and its police employees that the police will arrest any visitor to the area on the simple request of said property owner regardless if the visitor did not violate any law and no evidence

---

[3] See *Durham Police v. Richard Max Strahan*, 432-17-CR-1585  (Dover District Court)

[4] See *Lee Police v. Richard Max Strahan*, 432-17-CR-1147  (Dover District Court)

against him except the uncorroborated false accusations of Defendant Slama and other property owners.

COUNT II:    *Defendants Slander and Libel of the Plaintiff*

16.    The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 21.

17.    The Defendants maliciously made false claims of criminal conduct against the Plaintiff. The Plaintiff has suffered grievously as a result expending much time and money to insure that he will not be convicted on the Defendants knowingly false accusations against him. The Defendants maliciously made these false accusations against him to ruin his reputation and in retaliation against him motivated out of "road rage" and for other malicious reasons.

COUNT III:    *Defendants' Intentional Infliction of Emotional Distress*

18.    The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 21.

19.    The Defendants individually and in concert have deliberately inflicted emotion distress on the Plaintiff as acts of unlawful retribution and retaliation against him out of "road rage" and other malicious reasons. The Plaintiff has never injured or otherwise had any personal involvement with these Defendants. He has greatly suffered from being falsely arrested by the Defendants' demands upon municipal police using malicious and false claims that they witnessed violate the law. The distress inflicted on him by the Defendants has cause the Plaintiff much economic loss and is impairing his studies at the University of New Hampshire.

25 September 2017 Complaint    *ahan v. Slama, et al.*, New Hampshire Supe. . Court        **6**

## PRAYER FOR RELIEF

I.      For a Declaratory Judgment that the NH traffic statutes require that the Public must be issued civil traffic citations for minor traffic violations that are not punished by imprisonment and there is no rational basis in law for the police to instead arrest a member of the Public for a simple alleged minor traffic violation.

II.     For a Declaratory Judgment that the Defendants past and future practice of arrest and criminally prosecuting the Plaintiff for an alleged minor criminal violation relying on hearsay uncorroborated testimony from a single complainant is an arrest without probable cause and violates the CRA and his rights protected by the 14th and 4th Amendments.

III.    For an order, enjoining the Defendants and/or their agents from requesting that police arrest and/or prosecute the Plaintiff for minor traffic offenses without the prior permission of the Court.

IV.     For an award of $100,000 in compensatory damages from each of the Defendants.

V.      For an award of $1,000,000 in punitive damages from each of the Defendants.

VI.     For an award of the Plaintiff's direct costs of his prosecution against the Defendants.

VIII.   For any further relief that the Court deems appropriate.

BY:

/s/ Richard Maximus Strahan

Richard Maximus Strahan
esistoo@yahoo.com
617-817-4402

*Pro Se and Proud!*

## VERIFICATION OF THE COMPLAINT

I Richard Maximus Strahan verify under the pains and penalties of perjury that all the facts alleged in the above complaint are known to the best of my ability to be true. Signed under the pains and penalties of perjury this 25th Day of September in the year 2017.

/s/ Richard Maximus Strahan